UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| AMANDA NORTON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.  2:15-CR-24-RLJ-MCLC-4 |
| | ) | 2:16-CV-180-RLJ |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 134]. She bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*; Doc. 135]. The United States responded in opposition on July 20, 2016 [Doc. 137]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons that follow, the petition will be **DENIED** and **DISMISSED WITH PREJUDICE.**

**I.   BACKGROUND**

In 2015, Petitioner pled guilty to, and was subsequently convicted of, conspiring to distribute and possess with intent to distribute at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 836 and 841(a)(1), (b)(1)(A) [Docs. 47, 48, 60, 113]. As part of her plea agreement, Petitioner stipulated that she was responsible for one hundred and fifty grams of

actual methamphetamine [Doc. 47 ¶ 4(c)]. In exchange, the United States agreed to dismiss the remaining counts and not to file a notice of enhancement under 21 U.S.C. § 851 [*Id.* ¶ 2].[1]

As a result of Petitioner's drug quantity stipulation, the United States Probation Office assigned her a base offense level of thirty-two and total offense level of twenty-nine after a three level reduction for acceptance of responsibility [Presentence Investigation Report ("PSR") ¶¶ 10, 36, 43–45]. This total offense level yielded a Guideline range of 97 to 121 months' incarceration when combined with Petitioner's criminal history category of II [*Id.* ¶¶ 50, 55, 79, 80]. Based in part on the United States's motion for downward departure, this Court sentenced Petitioner to a below-range 87-month term of incarceration on November 26, 2015 [Doc. 113]. No direct appeal was taken and Petitioner submitted the instant, timely § 2255 motion challenging her sentence in light of *Johnson* on June 20, 2016 [Doc. 134].

## II. ANALYSIS

Petitioner's argument that she no longer possesses predicate offenses sufficient to support categorization as an armed career criminal under the ACCA, career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or an enhanced base offense level under Section 2K2.1(a) of the same fails because her PSR conclusively demonstrates that she was not subjected to any of these provisions [PSR ¶¶ 10, 36, 43–45, 50, 55, 79, 80; Docs. 47, 48, 113].[2]

---

[1] Had the United States elected to file an § 851 enhancement, Petitioner would have been subject to an enhanced mandatory minimum sentence of twenty years' imprisonment [Presentence Investigation Report ("PSR") ¶ 81].

[2] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is

2

To the extent that Petitioner complains that she received criminal history points for her prior felony drug conviction [Doc. 135 p. 6], the *Johnson* decision is inapposite. Her Tennessee conviction for delivery of cocaine resulted in three criminal history points because it constituted a prior "sentence of imprisonment exceeding one year and one month" under Section 4A1.1(a) of the United States Sentencing Guidelines, not because it was a "crime of violence" under the ACCA residual clause or a similarly-worded provision.

## III.   CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 134] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

---

burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

3

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

4